IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JACOB RIEGER & COMPANY LLC, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 20-CV-681 |
| vs. | ) ) ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT THE CINCINNATI INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through counsel of record, hereby answers Plaintiffs' First Amended Complaint as follows:

NATURE OF THE ACTION

1. Admit COVID-19 is and has been an ongoing pandemic; admit that businesses throughout the country were subject to governmental orders that may have required them to temporarily cease or limit on-premises operations to protect their customers, employees, and the general public from COVID-19; deny any remaining allegations of Paragraph 1.

2. On information and belief, admit Plaintiffs were required to temporarily close or reduce on-premises operations; deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 2.

3. Admit Plaintiffs purchased commercial property insurance policies ("the Policies") from Cincinnati, with the exception that the Policy allegedly issued to Plaintiff Linear Notions Inc. D/B/A Jazz A Louisiana Kitchen / Papa Vic's the Jigger, instead identifies the insured as Linear Notions Inc. DBA Jimmy's Jigger Jazz A Louisiana Kitchen; deny any remaining allegations to

1

the extent they are inconsistent with the terms, conditions, and exclusions set forth in the Policies, which speak for themselves.

4. Admit Plaintiffs made claims for purely financial losses they allegedly sustained in connection with COVID-19; admit Cincinnati denied Plaintiffs' claims; deny any remaining allegations of Paragraph 4.

5. The Policies speak for themselves; deny any allegations of Paragraph 5 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 5.

6. Publications by the Insurance Information Institute speak for themselves; deny any allegations of Paragraph 6 about the publications that are inconsistent with the publications; deny knowledge or information sufficient to form a belief as to the truth of the published information; deny any remaining allegations of Paragraph 6.

7. Admit that Plaintiffs seek certification of this case as a class action and assert claims seeking declaratory judgment and alleging breach of contract; deny that any such class or classes exist or can properly be certified; admit that Cincinnati declined coverage under the Policies; deny the Policies apply to Plaintiffs' claims; deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 as they relate to "other" unidentified insureds and insurance policies; deny any remaining allegations of Paragraph 7.

## PARTIES

*Jacob Rieger & Company*

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. On information and belief, admit.

10. On information and belief, admit.

11. On information and belief, admit.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

*Jazz, A Louisiana Kitchen*

13. On information and belief, admit.

14. On information and belief, admit.

15. On information and belief, admit.

16. On information and belief, admit.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

*Grunauer*

18. On information and belief, admit.

19. On information and belief, admit.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

*MTH Theater*

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. On information and belief, admit.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

*Cincinnati Insurance Company*

24. Admit Cincinnati is an Ohio corporation; deny any remaining allegations of Paragraph 24.

## JURISDICTION AND VENUE

25. Admit that at least one of the Plaintiffs is a citizen of a different state than Cincinnati; deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 25.

26. Admit the Plaintiffs purchased the Policies in the State of Missouri; admit the Policies provide property insurance coverage for the Plaintiffs' premises located in the State of Missouri, but only in the event its claim(s) satisfy all prerequisites for coverage under the Policy; admit the remaining allegations of Paragraph 26.

## FACTUAL BACKGROUND

27. On information and belief, admit.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. On information and belief, admit that governmental orders issued in response to the Coronavirus pandemic imposed temporary limitations, restrictions, and/or prohibitions on Plaintiffs' operations at the insured premises; deny any remaining allegations of Paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. On information and belief, admit.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Admit states and local governments issued orders, the purpose of which was to mitigate and slow the spread of COVID-19; deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 35.

36. The CDC's reports speak for themselves; deny any allegations of Paragraph 36 about the CDC's reports that are inconsistent with the CDC's reports; deny any remaining allegations of Paragraph 36.

37. The New England Journal of Medicine and the CDC's reports speak for themselves; deny any allegations of Paragraph 37 about the New England Journal of Medicine and the CDC's reports that are inconsistent with the New England Journal of Medicine and the CDC's reports; deny any remaining allegations of Paragraph 37.

38. The study speaks for itself; deny any allegations of Paragraph 38 about the study that are inconsistent with the study; deny any remaining allegations of Paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. The study speaks for itself; deny any allegations of Paragraph 40 about the study that are inconsistent with the study; deny any remaining allegations of Paragraph 40.

41. Morawska's statement speaks for itself; deny any allegations of Paragraph 41 about Morawska's statement that are inconsistent with Morawska's statement; deny any remaining allegations of Paragraph 41.

42. The study speaks for itself; deny any allegations of Paragraph 42 about the study that are inconsistent with the study; deny any remaining allegations of Paragraph 42.

43. The study speaks for itself; deny any allegations of Paragraph 43 about the study that are inconsistent with the study; deny any remaining allegations of Paragraph 43.

44. The study speaks for itself; deny any allegations of Paragraph 44 about the study that are inconsistent with the study; deny any remaining allegations of Paragraph 44.

45. Prather's statement speaks for itself; deny any allegations of Paragraph 45 about Prather's statement that are inconsistent with Prather's statement; deny any remaining allegations of Paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48. The published analysis speaks for itself; deny any allegations of Paragraph 48 about the published analysis that are inconsistent with the published analysis; deny any remaining allegations of Paragraph 48.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. On information and belief, admit.

51. The orders speak for themselves; deny any allegations of Paragraph 15 about the orders that are inconsistent with the orders; specifically deny that the orders "explicitly acknowledge that COVID-19 causes direct physical damage and loss to property"; deny any remaining allegations of Paragraph 51, and each of its subparts.

*The Cincinnati Policies*

52. The Policies speak for themselves; deny any allegations of Paragraph 52 about the Policies that are inconsistent with the Policies; admit Plaintiffs paid their premiums; deny any remaining allegations of Paragraph 52.

53. Admit the Plaintiffs are the named insureds under their respective policies, with the exception that the Policy allegedly issued to Plaintiff Linear Notions Inc. D/B/A Jazz A Louisiana Kitchen / Papa Vic's the Jigger, instead identifies the insured as Linear Notions Inc. DBA Jimmy's Jigger Jazz A Louisiana Kitchen.

54. Deny the Policies provide coverage for Plaintiffs' alleged losses, i.e., that Cincinnati is a liable insurer; deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 as they pertain to unidentified policies and class members; deny any remaining allegations of Paragraph 54.

55. The Policies speak for themselves; deny any allegations of Paragraph 55 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 55.

56. The Policies speak for themselves; deny any allegations of Paragraph 56 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 56.

57. The Policies speak for themselves; deny any allegations of Paragraph 57 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 57.

101946844.v1

58. The Policies speak for themselves; deny any allegations of Paragraph 58 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 58.

59. The Policies speak for themselves; deny any allegations of Paragraph 59 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 59.

60. The Policies speak for themselves; deny any allegations of Paragraph 60 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 60; specifically deny that Plaintiffs' alleged losses constitute a covered loss of Business Income.

61. The Policies speak for themselves; deny any allegations of Paragraph 61 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 61; specifically deny that Plaintiffs suffered losses covered by the Policies' Civil Authority provisions.

62. The Policies speak for themselves; deny any allegations of Paragraph 62 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 62; specifically deny that Plaintiffs suffered losses covered by the Policies' Extra Expense provisions.

63. The Policies speak for themselves; deny any allegations of Paragraph 63 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 63; specifically deny that Plaintiffs suffered losses covered by the Policies' Ingress and Egress provisions.

64. The Policies speak for themselves; deny any allegations of Paragraph 64 about the Policies that are inconsistent with the Policies; deny any remaining allegations of Paragraph 64; specifically deny that Plaintiffs suffered losses covered by the Policies' so-called Sue and Labor provisions.

*Plaintiffs Claims to Cincinnati*

65. On information and belief, admit.

8
101946844.v1
Case 4:20-cv-00681-SRB   Document 17   Filed 10/01/20   Page 8 of 16

66. Admit Cincinnati requested additional information from Plaintiffs concerning their claim(s); deny the information requested was not necessary to render a coverage decision; admit Cincinnati denied coverage for Plaintiffs' claims.

## CLASS ACTION ALLEGATIONS

67. Admit Plaintiffs seek to represent a putative class or classes; deny any such putative classes exist or can properly be certified.

68. Deny.

69. Deny.

70. Deny the allegations of Paragraph 70 and each of its subparts.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Admit Plaintiffs seek to represent a putative class or classes; deny any such putative classes exist or can properly be certified; and incorporate by reference Cincinnati's responses and denials as set forth above.

## COUNT 1: DECLARATORY RELIEF
**(On behalf of Nationwide Declaratory Judgment Class and Missouri Subclass)**

77. Cincinnati realleges and incorporates by reference its responses and denials to Paragraphs 1-76.

78. Admit that 28 U.S.C. §§ 2201-2202 allow federal courts to declare rights and duties of parties to a dispute; deny any remaining allegations of Paragraph 78.

79. Admit that there is an actual case or controversy involving Cincinnati and Plaintiffs; deny any such putative class or classes exists or could properly be certified; admit Plaintiffs each requested coverage for the losses alleged in the Complaint; admit Cincinnati denied Plaintiffs' claims; admit Cincinnati has denied coverage for other claims that are not covered under the policies Cincinnati issued to those claimants; deny Cincinnati is in breach of its obligations under the Policy; deny any remaining allegations of Paragraph 79.

80. Admit Plaintiffs contend Cincinnati breached its Policies; deny that Cincinnati breached its Policies; deny any remaining allegations of Paragraph 80 and each of its subparts.

81. Admit that Plaintiffs seek declaratory relief; deny that declaratory or any other relief could properly be awarded herein; and incorporate by reference Cincinnati's responses and denials as set forth above; deny Cincinnati's conduct was unlawful or in breach of the Policies; deny any remaining allegations of Paragraph 81.

### COUNT II: BREACH OF CONTRACT AND/OR ANTICIPATORY BREACH
**(On behalf of Nationwide Breach Class and Missouri Subclass)**

82. Cincinnati realleges and incorporates by reference its responses and denials to Paragraphs 1-76.

83. Admit Plaintiffs purchased property insurance policies from Defendant; deny any such putative class or classes exists; deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 as they pertain to unidentified policies and class members; deny any remaining allegations of Paragraph 83.

84. Admit the Policies are valid and enforceable contracts as between Plaintiffs and Cincinnati; deny any such putative class or classes exists or could be properly certified; deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

84 as they pertain to unidentified policies and class members; deny any remaining allegations of Paragraph 84.

85. Admit Plaintiffs provided notice of their claims; deny Cincinnati waived any terms or conditions of coverage; deny Cincinnati may not assert any term or condition in the Policies as a defense to liability; deny Cincinnati is liable for Plaintiffs' claims; deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 85.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' sustained losses as the result of the virus and related orders; deny any such losses are covered by the Policies; deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 86.

87. Admit Cincinnati denied coverage for Plaintiffs' claims; admit Cincinnati has denied claims for other claims that are not covered under the policies Cincinnati issued to those claimants; deny any remaining allegations of Paragraph 87.

88. Deny.

89. Deny.

90. Deny.

## GENERAL DENIAL

1. Defendant denies each and every allegation of the Complaint that is not specifically admitted herein, including, but not limited to, Plaintiff's prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

2. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because the Complaint fails to state a claim upon which the Court can grant relief.

11

3. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, by the parties' contracts.

4. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, by the exclusions in their insurance policies, including, but not limited to, exclusions for Ordinance or Law, Government Actions, Delay or Loss of Use, Acts or Decisions, Neglect, and Pollution, all of which are excluded causes of loss.

5. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs are not entitled to recover damages in any amount.

6. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs are not entitled to any equitable or declaratory relief.

7. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs are not entitled to declaratory relief as a basis for establishing a claim for alleged damages.

8. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs have failed to allege the prerequisites of declaratory or equitable relief.

9. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, by the doctrine of waiver, estoppel, laches or unclean hands.

10. Plaintiffs claims for declaratory or equitable relief, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

11. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, for failure to mitigate damages, if any.

12. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Defendant's conduct did not cause the alleged injuries.

13. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Plaintiffs' injuries were caused by their own conduct or by the intervening or superseding acts of parties other than Defendant.

14. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because one or more putative class members have failed to satisfy conditions precedent under their policies of insurance.

15. Defendant affirmatively states that it has complied in all respects with all obligations under insurance contracts with insureds.

16. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because those claims violate the Due Process Clause and/or the Ex Post Facto Clause under the United States Constitution and the Constitution of the State of Missouri or other state constitutions.

17. Defendant affirmatively states that this action is not properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and denies that the legal requirements for class certification are, or can be, met.

18. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because certification of the classes alleged by Plaintiffs would violate the United States Constitution and/or the Rules Enabling Act.

19. If Defendant is found liable to Plaintiffs and any alleged class, which liability Defendant denies, Defendant is entitled to set-off and/or contribution from putative class members or third parties.

13

101946844.v1

Case 4:20-cv-00681-SRB   Document 17   Filed 10/01/20   Page 13 of 16

20. Plaintiffs' claims, individually or as putative class representative(s), are barred, in whole or in part, because Defendant has at all times acted in good faith and without malice, and deny that it or its agents and employees acted in bad faith or with the intent to harm insureds.

21. Defendant reserves the right to assert additional defenses should it become necessary or appropriate.

22. Cincinnati hereby incorporates the terms, conditions, and exclusions of the insurance Policies (Dkt. Nos. 1-1 through 1-6) including but not limited to those contained in Cincinnati's coverage position letters to Plaintiffs.

WHEREFORE, having fully answered the Petition, Defendant The Cincinnati Insurance Company requests that Plaintiffs, individually or as putative class representatives, take nothing by way of their Amended Complaint (Dkt. No. 1), that judgment be entered in favor of Defendant, or that the Court dismiss Plaintiff's Complaint with prejudice, together with its costs, and any other relief that may be necessary to achieve justice.

October 1, 2020

Respectfully submitted by:

**DEFENDANT, THE CINCINNATI INSURANCE COMPANY**

WALLACE SAUNDERS

BY: /s/ Michael L. Brown
　　Michael L. Brown　　KS# 21313
　　Kelvin J. Fisher　　KS#22014
　　10111 West 87th Street
　　Overland Park, KS 66212
　　(913) 888-1000 FAX - (913) 888-1065
　　mbrown@wallacesaunders.com
　　kfisher@wallacesaunders.com

AND

LITCHFIELD CAVO LLP

BY: /s/ Ericka C. Hammett
 Daniel Litchfield PHV
 Ericka Hammett PHV
 303 West Madison Street
 Suite 300
 Chicago, IL 60606
 (312) 781-6669 FAX (312) 781-6630
 litchfield@litchfieldcavo.com
 hammett@litchfieldcavo.com

ATTORNEYS FOR DEFENDANT THE
CINCINNATI INSURANCE COMPANY

I hereby certify that on October 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Brandon J.B. Boulware
Boulware Law LLC
1600 Genessee Street, Suite 416
Kansas City, MO 64102
brandon@boulware-law.com

Todd Johnson
Votava Nantz & Johnson, LLC 9237 Ward Parkway, Suite 240
Kansas City, MO 64114
tjohnson@vnjlaw.com

Jack Thomas Hyde
Wagstaff & Cartmell
4740 Grand Ave., Suite 300
Kansas City, MO 64112
jhyde@wcllp.com

Thomas A. Rottinghaus
Wagstaff & Cartmell
4740 Grand Ave., Suite 300
Kansas City, MO 64112
trottinghaus@wcllp.com

15

Tyler Hudson
Wagstaff & Cartmell
4740 Grand Ave., Suite 300
Kansas City, MO 64112
thudson@wcllp.com

ATTORNEYS FOR PLAINTIFFS


 /s/ Michael L. Brown