IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACOB RIEGER & COMPANY, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 20-cv-00681-SRB |
| THE CINCINNATI INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant The Cincinnati Insurance Company's ("Defendant") Motion to Reconsider or Clarify Order Granting Motion to Appoint Interim Class Counsel. (Doc. #24.) For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

Plaintiffs filed this class action lawsuit against Defendant, asserting claims for declaratory judgment and breach of contract arising from Defendant's refusal to pay insurance claims related to COVID-19 as allegedly required by the insurance agreements Defendant sold to Plaintiffs. The Complaint also seeks class certification for two nationwide classes (one for each cause of action), and a Missouri Subclass that consists of "all businesses that purchased one of Defendant's Policies in Missouri and are covered by one of the Defendant's policies in effect during the COVID-19 pandemic." (Doc. #1, ¶ 67.c.) On October 8, 2020, pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs filed a motion to appoint interim class counsel, requesting the Court appoint Patrick J. Stueve of Stueve Sigel Hanson, LLP, and Thomas A. Rottinghaus of Wagstaff & Cartmell, LLP, as Interim Co-Lead Class Counsel (the "original motion"). On October 9, 2020, Plaintiffs filed an amended motion to appoint interim class

counsel, adding Dawn Parsons of Shaffer Lombardo Shurin, P.C., and Sarah S. Ruane of Wagstaff & Cartmell, LLP, to their requested interim class counsel (the "amended motion").

On October 23, 2020, one day after Defendant's response to the original motion was due, and on the day Defendant's response to the amended motion was due, the Court granted Plaintiffs' amended motion to appoint interim class counsel.[1] (Doc. #23.) The Order designated the interim class counsel to act on behalf of the putative class before the Court determines whether to certify the action as a class action. Defendant now moves for the Court to reconsider the order appointing interim class counsel, arguing the motion should have been denied. Defendant alternatively requests the Court clarify the class or classes for which appointed Plaintiffs' counsel will serve as interim class counsel, and request the Court exclude from its order any nationwide classes. Plaintiffs oppose the motion to reconsider.

**II. LEGAL STANDARD**

The Federal Rules of Civil Procedure do not include a "motion for reconsideration." *Blackorby v. BNSF Ry. Co.*, No. 4:13-CV-00908-SRB, 2018 WL 11193334, at *1-2 (W.D. Mo. Feb. 22, 2018) (citing *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)). "Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding." *Disc. Tobacco Warehouse Inc.*, 2010 WL 3522476, at *1 (internal citations and quotation marks omitted). However, the Court "has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) and 60(b)." *Id.* at *2. Of course, the Court "also has an interest in judicial economy and ensuring respect for the finality of its decisions,

---

[1] The Court denied the original motion as moot.

values that would be undermined if it were to routinely reconsider its interlocutory orders." *Id.* "Accordingly, [the Court] may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Id.*

### III. DISCUSSION

Regarding the demonstration of no fair opportunity to argue the matter previously, the Court's appointment of interim class counsel was issued after Defendant's response to the original motion was due. The amended motion did not alter Plaintiffs' reasons for requesting the appointment, but instead only added two attorneys to their proposed interim class counsel. Defendant does not object to the appointment of interim class counsel because of the particular attorneys whom were appointed. All of Defendant's objections could have been raised based on the contents of the original motion. Still, because the Court ordered the appointment of interim class counsel prior to the expiration of Defendant's opportunity to respond to the amended motion, the Court will determine whether it must correct a significant error in its appointment of interim class counsel.

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." The Court may appoint "interim counsel during the pre-certification period if necessary to protect the interest of the putative class." Fed. R. Civ. P. 23(g) advisory committee's notes to 2003 amendment. "In some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id.* "While not statutorily required, the appointment of interim class counsel may be helpful in 'clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and

3

responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Roe v. Arch Coal Inc.*, No. 4:15-CV-1026, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (citing Federal Judicial Center, *Manual for Complex Litigation* § 21.11 (4th ed. 2004)). Such clarification is often necessary when "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated[.]" *Manual for Complex Litigation* § 21.11. However, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Id.*

Defendant argues the appointment of interim class counsel is improper because Plaintiffs have not met their burden to prove interim class counsel is necessary. Defendant additionally argues appointment of interim class counsel is unnecessary to protect the interest of the putative class and improper given numerous related cases are pending in other courts. Plaintiffs argue interim class counsel is proper when overlapping class actions are pending in the same District, rivalry and uncertainty in leadership of the overlapping cases is likely to arise absent the appointment of interim class counsel, and the presence of other similar pending class actions in other courts does not render the appointment of interim class counsel improper. For the reasons stated below, the Court agrees with Plaintiffs.

The Court finds the class action would benefit from designated interim class counsel for efficient case management. In addition to the above captioned case, this Court also has pending before it *Studio 417, Inc. v. The Cincinnati Insurance Co.*, No. 6:20-cv-03127-SRB. *Studio 417* also involves plaintiffs asserting class action claims based on Defendant's refusal to pay insurance claims related to COVID-19. Thus, with two cases with overlapping, duplicative, and competing class action suits currently pending before this Court, this case will benefit from the

4

clarification of precertification responsibilities. *See Manual for Complex Litigation* § 21.11. Other courts have appointed interim class counsel in similar situations. *See, e.g.*, *Syzmczack v. Nissan N. Am., Inc.*, No. 10-CV-7493(VB), 2012 WL 1877306, at *2 (S.D.N.Y. May 15, 2012) ("Now that all three cases are before this Court . . . the Court finds appointment of interim lead counsel at this time is in the interest of the parties."); *Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537-SPM, 2016 WL 1700427, at *2 (E.D. Mo. April 28, 2016) (appointing interim class counsel after four cases were consolidated before the same court). While *Syzmack* and *Duqum* involved consolidated class actions, which has not happened here, the Court finds the presence of multiple lawsuits before it indicates interim class counsel is necessary to protect the interest of the class by clarifying precertification responsibilities.[2] As such, the Court's appointment of interim class counsel was not an error that needs correcting.

While Defendant points to a number of cases in which the appointment of interim class was denied, this case is distinguishable. Overwhelmingly, requests to appoint interim class counsel were denied in cases where "there [was] only a single putative class action before the Court in which only a single law firm [sought] appointment as class counsel." *Donaldson v. Pharmacia Pension Plan*, No. 03-3-GPM, 2006 WL 1308582, at *2 (S.D. Ill. May 10, 2006); *see also Womack v. Nissan N. Am., Inc.* No. 2:06-CV-479-DF, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007) ("This is the only class action alleging odometer tampering against Defendants in this district."); *Sullivan v. Barclays PLC*, No. 13 Civ. 2811(PKC), 2013 EL 2933480, at *1

---

[2] Defendant argues that the consolidation of all nationwide class actions is unlikely, evidenced by the Judicial Panel on Multidistrict Litigation twice rejecting a request to consolidate COVID-19 coverage cases. However, currently pending before the Court is Plaintiffs' motion to consolidate this case with *Studio 417*. (Doc. #30.) While the motion to consolidate was not pending when the Court initially appointed interim class counsel nor when Defendant filed its motion to reconsider, the presence of the motion to consolidate further indicates the Court did not make an error because some impetus exists for these cases to be consolidated. However, nothing in this order should be interpreted as indicating how the Court will rule on the motion to consolidate. The Court will not rule on that motion until it is fully briefed and ripe for ruling.

5

(S.D.N.Y. June 11, 2013) ("There appear to be no competing counsel whose roles might complicate the efficient management of this case or result in duplicative attorney work."); *Lawson v. Life of S. Ins. Co.*, No. 4:06-CV-42 (WLS), 2009 WL 10674173, at *2 (M.D. Ga. Sept. 30, 2009) ("[N]o evidence has been submitted that other putative class actions are pending against this Defendant that could impact the present action in any way."). In this case, multiple class actions have been filed by multiple counsel in this very Court. Thus, the appointment of interim class counsel is consistent with the guidance of the *Manual for Complex Litigation* § 21.11 discussed above.

    Defendant further claims interim counsel is unnecessary because no rivalry between competing counsel exists in this case. Plaintiffs contend competition for leadership is likely to emerge absent appointing interim class counsel. The Court agrees with Plaintiffs. As Defendant points out, "Cincinnati is a defendant in more than 100 COVID-19 coverage cases across the country, a number of which are also pleaded as putative nationwide class actions." (Doc. #24, p. 8.) Plaintiffs also claim, in addition to the already two pending cases, more class actions lawsuits against Defendant are likely to be filed in this District. Similar to the rationale of other courts, "counsel would be competing for appointment as interim lead counsel but for having amicably resolved to work together to avoid any unnecessary delay in litigating the pending actions." *Roe*, 2015 WL 6702288, at *2. As such, the Court has no reason to wait for infighting among Plaintiffs' counsel to appoint interim class counsel.[3] Appointment of interim class counsel may be appropriate even absent explicit rivalry among Plaintiffs' counsel, and the Court finds that is the case here.

---

[3] While Defendant contends that the appointment is premature as more capable counsel could come forward to represent the class, the Court notes that Defendant has not explained why the current interim class counsel is incapable. The Court considered the relevant Rule 23(g)(3) factors in its appointment and finds no error warranting the alteration of the interim class counsel.

The unique circumstances of this class action further justify the need for interim class counsel. The United States Judicial Panel on Multidistrict Litigation ("JPML") noted that "[m]any plaintiffs are on the brink of bankruptcy as a result of business lost due to the COVID-19 pandemic and the government closure orders." *In re Cincinnati Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2962, 2020 WL 5884791, at *2 (J.P.M.L Oct. 2, 2020). While declining to consolidate the class action allegation into a multidistrict litigation, the JPML still "impress[ed] upon the courts overseeing these actions the importance of advancing these actions towards resolution as quickly as possible." *Id.* Given the need for efficient and speedy resolution of this case, and because Rule 23(g)(3) was designed to promote efficiency by clarifying the precertification responsibilities and avoiding unnecessary delay, the Court finds it did not commit an error by appointing interim class counsel.

Finally, Defendant's argument that appointment of interim class counsel inappropriately interferes with numerous pending cases around the country is not persuasive. In support of its argument, Defendant relies on *Mey v. Patriot Payment Group, LLC.*, No. 5:15-CV-27, 2016 WL 11501481 (N.D.W. Va. Jan. 5, 2016) and *Santos v. Carrington Mortgage Services, LLC.*, No. 2:15-cv-864 (WHW-CLW), 2017 WL 215969 (D.N.J. Jan. 18, 2017). Once again, these cases are distinguishable. For example, while the *Mey* court found consolidation was a prerequisite to the appointment of class counsel, its decision was based on a finding that "the Court only has one case involving [Defendant] before it at this time, and there is no uncertainty as to [counsel's] responsibility for overseeing the putative class's interests pertaining thereto in this Court" and "there is no apparent need" for the appointment of interim class counsel. *Mey*, 2016 WL 11501481, at *2-3. As discussed above, an apparent need exists in this case for interim class counsel, even absent consolidation. Similarly, the *Santos* court found "the motion fails to

7

explain what the appointment of interim class counsel would accomplish other than to disrupt settlement negotiations." *Santos*, 2017 WL 215969, at *2. Here, neither Defendant nor Plaintiffs claim disruption of settlement negotiations are a motivating factor for seeking interim class counsel, and more will be accomplished in this case as the other pending cases are in similar stages of litigation. Thus, the Court does not find the appointment of interim class counsel will inappropriately interfere with other pending cases.

Defendant further claims the appointment of interim of class counsel will interfere with other plaintiffs' right to choose counsel. However, the Court notes that the appointment of interim class counsel only applies to the precertification stage. A motion to certify the class and appoint class counsel is not before the Court, and therefore the Court does not find this argument persuasive. Additionally, inherent in the appointment of interim class counsel is the potential for similar class actions to be filed by different counsel. Contrary to Defendant's assertion, as discussed above, multiple, overlapping, and duplicative class actions in this Court and in others is the precise scenario in which interim class counsel is appropriate.

In sum, the Court did not commit an error in its appointment of interim class counsel. The existence of multiple class action lawsuits, the possibility of rivalry or uncertainty absent interim counsel, and the unique subject matter of this case indicates appointment of class counsel is proper. Defendant's concerns of this Court's appointment interfering with cases in other courts is not persuasive as the Court is only appointing interim class counsel during the precertification stage. As such, the Court also need not reconsider its motion, nor further clarify or limit its previous holding to a subsection of classes.

## IV. CONCLUSION

Accordingly, Defendant The Cincinnati Insurance Company's Motion to Reconsider or Clarify Order Granting Motion to Appoint Interim Class Counsel (Doc. #24) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2020