IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STUDIO 417 INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-03127-SRB |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| JACOB RIEGER & COMPANY, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-00681-SRB |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are two motions entitled "Joint Motion to Consolidate Cases," each filed in the above captioned cases. (Case No. 20-cv-03127-SRB, Doc. #71; Case No. 20-cv-00681-SRB, Doc. #30.) For the reasons stated below, the motions are GRANTED.

Plaintiffs in *Studio 417 v. The Cincinnati Insurance Co.*, No. 6:20-cv-03127-SRB, and *Jacob Rieger & Co. v. The Cincinnati Insurance Co.*, No. 4:20-cv-00681-SRB, request the cases be consolidated pursuant to Federal Rule Civil Procedure 42(a). In both cases, Plaintiffs assert class action claims based on Defendant's refusal to pay insurance claims related to COVID-19. Plaintiffs argue that consolidation will further efficiency goals in discovery, pre-trial matters, and trial. Defendant opposes the motions, arguing consolidation is not necessary to promote efficiency and the prevalence of individual issues makes consolidation inappropriate.

1

Rule 42(a) provides, in part, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Consolidation may be appropriate when "the actions involve[] common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself d[oes] not cause unfair prejudice." *Horizon Asset Mgmt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). "[A] district court 'has substantial discretion in deciding whether and to what extent to consolidate cases.'" *Neth. Ins. Co. v. Cellar Advisors, LLC*, No. 17-cv-02585, 2018 WL 1964201, at *2 (E.D. Mo. Apr. 26, 2018) (citation omitted). The consent of the parties is not required, and a court "must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Zola v. TD Ameritrade Inc.*, No. 14-cv-289, 2015 WL 847450, at *3 (D. Neb. Feb. 26, 2015) (internal citations and quotation marks omitted).

The Court finds both actions involve common questions of law and fact, and that the efficiencies gained in consolidation outweigh any risk of inconvenience, expense, or delay that it may cause. Both cases involve materially similar insurance contracts, and Plaintiffs in both cases assert causes of actions stemming from Defendant's refusal to pay insurance claims based on physical loss or damage to insured properties allegedly caused by COVID-19. Further, both cases seek certification of materially similar class actions, including nationwide class actions for breach of contract and declaratory judgment, as well as Missouri subclasses.[1] Recently, the Court appointed interim class counsel from attorneys of record in both cases to efficiently facilitate the precertification stage of these class action lawsuits. In turn, these cases will be highly coordinated due to their substantial overlap and commonalities in both fact and law.

---

[1] Defendant claims the class action allegations are "starkly different." (Doc. #34, p. 5.) However, while the *Studio 417* complaint identifies fifteen proposed classes and the *Rieger* complaint identifies three, this difference is merely due to formatting differences. *Studio 417* breaks out its class allegations by specific policy provisions, while *Rieger* lumps the policy provisions together. Thus, the court finds the class allegations substantially overlap.

2

Contrary to Defendant's contention that consolidation will not promote efficiency, consolidation will allow for centralized filings and dispute resolution and eliminate duplicative efforts by Plaintiffs, Defendant, and the Court. Defendant also argues differences between the cases make consolidation inappropriate and that any common issues are not central to the resolution of each case. However, the differences among the various plaintiffs exist regardless of whether the Court consolidates the cases. As such, Defendant does not explain how consolidation itself will cause confusion or delay. The differences identified by Defendant primarily relate to damages, a secondary question to Defendant's alleged liability which is centered around the common issues identified above. In sum, the Court finds that *Studio 417* and *Rieger* involve the same defendant, have overlapping legal issues, and arise out of the same underlying factual scenario. In turn, consolidation will promote efficiency and will not cause unfair prejudice.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Joint Motion to Consolidate Cases (Doc. #71 in 20-cv-03127-SRB and Doc. #30 in 20-cv-00681-SRB) are GRANTED. It is FURTHER ORDERED that:

(1) Case No. 20-cv-03127-SRB and Case No. 20-cv-00681-SRB are hereby consolidated;

(2) All future pleadings and orders regarding these cases shall be filed in Case No. 20-cv-00681-SRB;

(3) The parties shall have until January 8, 2021, to meet and confer to reach an agreed upon proposed consolidated scheduling order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
Date: December 18, 2020 UNITED STATES DISTRICT COURT